**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

FILED

99 AUG -4 AM II: 4!

U.S. DISTRICT COUR
N.D. OF ALABAMA

DOYLE HAYES, )
)
 Plaintiff, )
)
vs. ) Civil Action No. CV-97-S-1591-NE
)
WAL-MART STORES, INC., d/b/a )
SAM'S CLUB #8107, )
)
 Defendant. )

**ENTERED**

AUG 0 4 1999

### MEMORANDUM OPINION

Following trial of the plaintiff's claims under the Age

Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621

et seq., the jury returned verdicts to the following effect:

plaintiff's age was a substantial, motivating factor influencing or

contributing to the defendant's decision to demote him, but

defendant nevertheless would have made the same employment decision

even if it had not taken plaintiff's age into account. Thus,

defendant has proven the "Mt. Healthy,"[1] "mixed motives," or "same

---

[1] See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). In Mt. Healthy, the Supreme Court reversed a judgment in favor of an untenured public school teacher who had been discharged, in part, for exercising First Amendment rights and, also in part, for permissible considerations. The Court rejected a rule of causation that focused solely upon whether protected conduct played a "substantial" role, or was a "motivating factor" in the decision not to rehire, on the ground that such a rule could make the employee better off by exercising constitutional rights than by doing nothing at all. Id. at 285, 97 S.Ct. at 575. Instead, the Court outlined the following approach:



decision," affirmative defense articulated by the jury verdict, which serves as a complete defense to plaintiff's ADEA claims. Accordingly, all of plaintiff's claims brought pursuant to the ADEA are due to be dismissed with prejudice.

## I. DISCUSSION

Federal courts, and specifically the Eleventh Circuit, consistently apply principles established in Title VII[2] jurisprudence to the adjudication of claims under other civil rights statutes that have similar language, similar purposes, or both. As a result, like claims are recognized under Title VII and such statutes, and the framework for analyzing Title VII cases often is employed for analysis of claims under these other laws. *See, e.g., Chapman v. AI Transport*, ___ F.3d ___, 1999 WL 493457, *3 (11th Cir. July 1999) ("This circuit has adopted a variation of the test for Title VII claims articulated by the Supreme Court in

> Initially, in this case, the burden was properly placed upon respondent to show that his conduct was constitutionally protected, and that his conduct was a "substantial factor" — or, to put it in other words, that it was a "motivating factor" in the Board's decision not to rehire him. Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct.

*Id.* at 287, 97 S.Ct. at 576 (footnote omitted).

[2] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

2

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for cases arising under the ADEA.") (emphasis supplied); *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1528 (11th Cir. 1992) (applying Title VII framework of analysis to claims under the Equal Pay Act); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997) ("[W]e assess ADA retaliation claims under the same framework we employ for retaliation claims under Title VII.") (emphasis supplied); *Bailey v. USX Corporation*, 850 F.2d 1506, 1509 (11th Cir. 1988) (noting, in a Title VII case, that "[t]he same rationale has been applied in construing nearly identical anti-retaliation provisions in the Age Discrimination in Employment Act and in the Fair Labor Standards Act") (emphasis supplied).

    In that vain, courts began to apply the *Mt. Healthy* affirmative defense, which was adopted for Title VII cases in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 258, 109 S.Ct. 1775, 1795, 104 L.Ed.2d 268 (1989),[3] to other statutes proscribing various forms

---

[3]     We hold that when a plaintiff in a Title VII case proves
        that her gender played a motivating part in an
        employment decision, the defendant may avoid a finding
        of liability only by proving by a preponderance of the
        evidence that it would have made the same decision even
        if it had not taken the plaintiff's gender into account.

*Price Waterhouse*, 490 U.S. at 258, 109 S.Ct. at 1795 (emphasis supplied).

3

of unlawful employment discrimination. In an opinion issued during

1987, the Eleventh Circuit explicitly endorsed the application of

that affirmative defense to actions based on the ADEA:

> Although the *Mt. Healthy* defense originated in a
> first amendment case, it has been applied in Title VII
> cases, *see, e.g., Lee v. Russell County Bd. of Educ.*, 684
> F.2d 769 (11th Cir. 1983). The affinity between Title
> VII and the ADEA has been noted, *see, e.g., Lorillard v.
> Pons*, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40
> (1978); *Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d
> 730, 735 (5th Cir. 1977), *overruled in part on other
> grounds, Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549
> (11th Cir. 1983) *(en banc)*, and no reason appears why a
> *Mt. Healthy* defense should not be available in an ADEA
> case. *Accord Smallwood v. United Air Lines, Inc.*, 728
> F.2d 614, 618-20 (4th Cir.), *cert. denied*, 469 U.S. 832,
> 105 S.Ct. 120, 83 L.Ed.2d 62 (1984).

*Spanier v. Morrison's Management Services, Inc.*, 822 F.2d 975, 979

n.3 (11th Cir. 1987).

Four years after the Eleventh Circuit's opinion in *Spanier*,

however, Congress enacted the Civil Rights Act of 1991, Pub. L. No.

102-166, 105 Stat. 1071 (1991), which effectively overruled part of

the Supreme Court's decision in *Price Waterhouse*. Essentially,

that Act narrowed the *Mt. Healthy* defense in the context of Title

VII actions from a complete defense to liability into a defense

from only damages and certain injunctive relief, but not from

declaratory judgments, limited injunctive relief, or attorneys'

fees. *See Doll v. Brown*, 75 F.3d 1200, 1203 (7th Cir. 1996)

4

("Congress has amended Title VII to convert mixed-motive cases to no-injury cases ....").    Nevertheless, the Civil Rights Act of 1991 affects only claims based upon Title VII of the Civil Rights Act of 1964.    *See* Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, 1075 (1991) (codified as amended at 42 U.S.C. §§ 2000e-2(m) (providing that an unlawful employment practice is established when "the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice"), and 2000e-5(g)(2)(B)) (establishing that, despite a successful "same decision" defense, a court may grant declaratory and injunctive relief as well as attorney's fees, but the court may not grant other damages); *see also Siwik v. Marshall Field & Co.*, 945 F. Supp. 1158, 1162 (N.D. Ill. 1996) ("By its very terms ... the Act applies only to cases where 'race, color, religion, sex, or national origin' is the motivating factor for an employment decision, not to a case under ADEA.").

The Eleventh Circuit has not yet confronted the issue of whether the Civil Rights Act of 1991 effectively modified the *Mt. Healthy* defense in the context of actions based upon the ADEA, but that court <u>has</u> refused to apply the narrowing amendments of that

5

Act to claims based upon other civil rights acts. *See Harris v. Shelby County Bd. of Educ.*, 99 F.3d 1078, 1085 (11th Cir. 1996) ("[W]ith regard to employment discrimination claims brought pursuant to 42 U.S.C. § 1983, this affirmative defense effects a total avoidance of liability."); *Mabra v. United Food & Commercial Workers Local Union No. 1996*, 176 F.3d 1357, 1357-58 (11th Cir. 1999) (holding that amendments limiting impact of mixed-motive defense do not apply to claims under 42 U.S.C. § 1981 because they specifically add two provisions to the text of Title VII but made no amendment or addition to § 1981, while another portion of the 1991 Act amended § 1981).

While other courts may have split on the issue, *see Lewis v. Young Men's Christian Association*, ___ F. Supp. 2d ___, 1999 WL 402444, at *7 (N.D. Ala. June 1999) (collecting cases),⁴ this court concludes that the Civil Rights Act of 1991 did not alter application of the *Mt. Healthy* defense under any statute other than Title VII, and particularly not the ADEA.⁵ The relevant provisions

___

⁴ *But see* L. Larson, *Employment Discrimination*, 2d Ed. at § 136.05 (1998) ("The few federal courts faced with the issue ... have continued to apply the original *Price Waterhouse* standard to age discrimination mixed-motive cases.") (collecting cases).

⁵ The Civil Rights Act of 1991 did amend the ADEA in other areas, however, *see, e.g.*, Pub. L. No. 102-166, § 115, 105 Stat. 1071, 1079 (1991), thereby implying that no change to the *Mt. Healthy* defense was intended for ADEA claims.

6

of the Act addressed only Title VII claims.  Legislative acts, as
opposed to judicial holdings, simply are not subject to the common
law method of adopting and extending their legal principles into
analogous but distinct circumstances.  Thus, this court cannot
effect such changes in the adjudication of ADEA cases as Congress
effected for Title VII cases *via* the Civil Rights Act of 1991.
Moreover, Eleventh Circuit precedent applying the *Mt. Healthy*
defense to ADEA claims (which was decided before the Civil Rights
Act of 1991 was enacted) applies it only as a complete defense to
a plaintiff's claims under that statute.  *See, e.g.*, *Spanier*, 822
F.2d at 979 n.3.

    In summary, the *Mt. Healthy* affirmative defense properly was
submitted to the jury in the "mixed motive" case at issue here.
*See, e.g.*, *Spanier*, 822 F.2d at 981.  The jury found the defendant
proved that defense.  Therefore, the jury's verdict resolves all of
plaintiff's ADEA claims in favor of defendant, and all such claims
are due to be dismissed with prejudice.

    Plaintiff's breach of contract claim, on the other hand, is
unaffected by the verdict, and remains pending separate trial on
the merits.  *See, e.g.*, *Donovan v. Dairy Farmers of America, Inc.*,

---

*See Mabra*, 176 F.3d at 1357-58.

7

___ F. Supp. 2d ___, 1999 WL 402493 (N.D.N.Y. June 1999) (denying post-trial motion for judgment as a matter of law on breach of contract claim while refusing to award attorney's fees in mixed-motive ADEA case).

## II. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this the _4ᵗʰ_ day of August, 1999.

United States District Judge

8