FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

99 AUG 31 PM 2: 25

U.S. DISTRICT COURT
N.D. OF ALABAMA

DOYLE HAYES,                      )
                                 )
        Plaintiff,               )
                                 )
vs.                              )   Civil Action No. CV-97-S-1591-NE
                                 )
WAL-MART STORES, INC., d/b/a     )
SAM'S CLUB #8107,                )
                                 )
        Defendant.               )

ENTERED

AUG 3 1 1999

MEMORANDUM OPINION

This action is before the court on defendant's renewed motion

for summary judgment as to plaintiff's breach of contract claim.

Upon consideration of the motion and supplemental brief,

pleadings, evidentiary submissions, and oral argument heard on

August 25, 1999, this court concludes the motion is due to be

granted.  As the basis for such ruling, the court adopts the

arguments set forth in defendant's supplemental brief, but adds the

following discussion of Alabama contract law as a gloss to that

which was well stated by defendant's counsel in brief.

In order to prove under the substantive law of the State of

Alabama that an employment contract is not terminable at will,

plaintiff must show:

    (1) that there was a clear and unequivocal offer of
    lifetime employment or employment of definite duration,

(2) that the hiring agent had authority to bind the
principal to a permanent employment contract, and (3)
that the employee provided substantial consideration for
the contract separate from the services to be rendered.

*Hoffman-La Roche, Inc. v. Campbell*, 512 So. 2d 725, 728 (Ala. 1987)

(citations omitted). The Alabama Supreme Court clearly established

in *Hoffman* that language in an employment handbook may be

sufficient to create a binding contract. This holding creates an

exception to Alabama's traditional support of the employment at

will doctrine. The *Hoffman* court set forth a three prong test to

determine when handbook language created such a contract:

First, the language contained in the handbook must be
examined to see if it is specific enough to constitute an
offer. Second, the offer must have been communicated to
the employee by issuance of the handbook, or otherwise.
Third, the employee must have accepted the offer by
retaining employment after he has become generally aware
of the offer.

*Id.* at 735. The first prong of this test is the most heavily

litigated.[1] The *Hoffman* court distinguished specific language in

a handbook that creates a binding promise from "a mere general

statement of policy." *Id.* at 734. It also noted that, "if the

employer does not wish the policies contained in an employee

handbook to be construed as an offer for a unilateral contract, he

---

[1] Under the *Hoffman* test, "actual performance supplies the necessary
consideration." *Id.*

2

is free to so state in the handbook."  *Id.*

Since *Hoffman,* the Alabama Supreme Court has held on several

occasions that handbooks with express disclaimers do not create

binding contracts.  *See Graham v. Community Action Agency of North*

*Central Alabama, Inc.,* 702 So. 2d 1215, 1219 (Ala. 1997) (citing

*Dykes v. Lane Trucking, Inc.,* 652 So. 2d 248, 249 (Ala. 1994) ("our

employment 'at will' policy will remain in effect during the entire

course of your employment"); *Abney v. Baptist Medical Centers,* 597

So. 2d 682, 682 (Ala. 1992) ("[a]ll employment is terminable with

or without cause at the will of either the employee or the

employer"); *Hanson v. New Technology, Inc.,* 594 So. 2d 96, 99 (Ala.

1992) ("[t]he policies described in this employee handbook are not

conditions of employment and the language is not intended to create

a contract"); *Clark v. America's First Credit Union,* 585 So. 2d

1367, 1369 ("this manual should not be construed to be a binding

contract")).  In *Abney,* 597 So. 2d at 682, defendant required

employees, upon review of the handbook, to sign an acknowledgment

that their employment was terminable at will.

On the other hand, handbooks lacking disclaimers that have

detailed procedures regarding termination have been held to create

binding contracts.  *See Graham,* 702 So. 2d at 1219-21 ("[t]he

3

Manual's provisions are devoid of disclaimers and ... are 'sufficiently clear and specific to constitute an offer of a unilateral contract' of employment") (citation omitted). *Compare Mooney v. Harco Drug, Inc.,* 611 So. 2d 235, 237 (Ala. 1992) (handbook without grievance procedure or exhaustive list of disciplinary offenses is not "sufficiently clear and specific" under *Hoffman* test). In *Mooney,* the plaintiffs also alleged defendant's agent "represented ... that the employees would be terminated only because of dishonesty or rudeness to a customer." *See id.* at 235. Plaintiffs were terminated in an effort to cut expenses. *See id.* at 236. In analyzing the breach of contract claim, the Alabama Supreme Court focused entirely on the provisions in the employment handbook, not any representations allegedly made by defendant's agents. *See id.* at 237.

In *Ewald v. Wal-Mart Stores, Inc.,* 139 F.3d 619, 622 (8th Cir. 1998), the Eighth Circuit concluded Wal-Mart's 1994 handbook, the same handbook at issue in this case, did not create a "contract requiring just-cause termination."[2] It is important to note that the *Ewald* court applied Minnesota law and the seminal case of *Pine*

---

[2] The *Ewald* court analyzed Wal-Mart's 1991 and 1994 handbooks, and concluded "[t]he provisions of the two are substantially similar and any differences between the two have no impact on our analysis." *Id.* at 622 n.3.

4

*River State Bank v. Mettille,* 333 N.W.2d 622 (Minn. 1983).    In *Hoffman,* the Alabama Supreme Court endorsed the rationale of the Minnesota Supreme Court in *Pine River State Bank* in creating the "employee handbook exception" to the employment at will doctrine. *See Hoffman,* 525 So. 2d at 734-35.

   For all of the reasons stated here and in defendant's supplemental brief, this court concludes that defendant's renewed motion for summary judgment is due to be granted.    An appropriate order will be entered contemporaneously herewith.

   **DONE** this the  *31st* day of August, 1999.

                                        United States District Judge

5